ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| BRADLEY SLEDGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 303-071 |
| | ) |
| STAN SHEPARD, Deputy Warden; et al. | ) |
| | ) |
| Defendants. | ) |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Johnson State Prison ("Johnson") in Wrightsville, Georgia, commenced the above-styled case pursuant to 42 U.S.C. § 1983. Plaintiff is proceeding *pro se* and *in forma pauperis*. The matter is now before the Court on motions for summary judgment filed by Defendants Dr. G. T. Greenstone ("Greenstone") and Deputy Warden Stan Shepard ("Shepard"). (Doc. nos. 24 & 34, respectively). Plaintiff has filed responses. (Doc. nos. 28, 39). For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that the motions be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendants Greenstone and Shepard.

### I. STATEMENT OF FACTS

**A. Plaintiff's Averments**

In his verified complaint,[1] Plaintiff explains that he has Hepatitis C.[2] (Doc. no. 1, p.

---

[1] The complaint is sworn and describes facts based upon personal knowledge. As the verified complaint meets the requirements of 28 U.S.C. § 1746 and Fed. R. Civ. P. 56(e), it

5). Plaintiff avers that he was prescribed Interferon and Rebetron to treat his hepatitis. (Id.). However, Defendant Greenstone, an osteopathic doctor, later refused to prescribe him those medications, noting that there were no prison funds to pay for the drugs. (Id.). Defendant Greenstone also forced Plaintiff to submit to a flu shot, even though Defendant Greenstone should have known that flu shots should not be administered to patients with Hepatitis C. (Id.).

After being given the flu vaccination, Plaintiff became very ill and fell from his bunk, hurting his back. (Id. at 6). Plaintiff developed a large lump on his back, and was seen by prison medical staff the next day. (Id.). X-rays were ordered, but could not be taken until later because the "machine was broken." (Id.). Plaintiff was seen again a few days later by a physician's assistant, and was given Motrin--a medication Plaintiff maintains he could not take because of his hepatitis. Apparently, Defendant Greenstone's only involvement in Plaintiff's treatment for his back injury was to order that X-rays be taken. (Id.; see also doc. no. 28, p. 3). Meanwhile, Plaintiff continued to be seen by other medical staff at Johnson.

After a couple of weeks of sustained pain without improvement, Plaintiff approached Defendant Shepard to plead his case, but was rebuffed. (Id. at 7). Plaintiff's back condition worsened horribly, and he was eventually treated by a physician other than Defendant Greenstone, although Plaintiff reports that he has not made a full recovery. (Id. at 7-8). In sum, Plaintiff maintains that Defendant Greenstone's actions in refusing to prescribe

---

is sufficient to create an issue of material fact in response to Defendants' motion. See U.S. v. Four Parcels of Real Property, 941 F.2d 1428, 1444 (11th Cir. 1991).

²Hepatitis C is a viral inflammation of the liver contracted through contact with infected blood (e.g., via transfusion, use of a contaminated needle, etc.).

2

Interferon and Rebetron, making Plaintiff take a flu shot, and in failing to treat his back properly constituted deliberate indifference to his medical needs. Plaintiff also maintains that Defendant Shepard's refusal to help Plaintiff get better treatment similarly violated his rights.

Also, in his response to Defendant Greenstone's instant motion, Plaintiff further clarifies that Defendant Greenstone consistently refused to give him the requested medication, even though specialists at Augusta State Medical Prison had previously prescribed the drugs. (Doc. no. 28, p. 2). In his response to Defendant Shepard's motion, Plaintiff also maintains that he was never put on the requested medication, despite the aforementioned prescriptions. (Doc. no. 39, p. 1). Finally, Plaintiff avers that voluminous medical records he has submitted will confirm his account of the events. (Doc. no. 28, p. 4; doc. no. 39, p. 3).

B.  **Defendants' Account**

In contrast, Defendant Greenstone denies that he ever told Plaintiff he would not be given medication because the prison had no funds to pay for it. (Greenstone Aff., p. 1 (attached at doc. no. 25, pp. 9-11)). Rather, Defendant Greenstone avers that he did not give Plaintiff Interferon and Rebetron during his treatment of Plaintiff because "prolonged use of Interferon and Rebetron will cause severe depression and suicidal tendencies." (Greenstone Aff., p. 1). Defendant Greenstone also avers simply that, in his medical opinion, Plaintiff did not need these medications. (Id. at 2).

In addition, Defendant Greenstone maintains that a nurse, not himself, administers flu shots, and that they are routinely given to all inmates. (Id.). Defendant Greenstone also specifically denies ever ordering a shot for Plaintiff. (Id.). Finally, Defendant Shepard asserts that he never ignored any serious medical need as to Plaintiff, but instead relied upon

3

prison medical staff to render appropriate medical care to Plaintiff. (See doc. no. 36, p. 6). In sum, Defendants argue that they were not deliberately indifferent to Plaintiff's serious medical needs and that they are entitled to judgment as a matter of law.

## II. DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Applicable substantive law identifies which facts are material in a given case.[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When seeking summary judgment, the movant must show, by reference to materials on file, that there are no genuine issues of material fact to be decided at a trial. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). If the burden of proof at trial rests with the movant, to prevail at the summary judgment stage, the movant must show that, "on all the essential elements of its case . . . , no reasonable jury could find for the nonmoving party." United States v. Four Parcels of Real Property, 941 F.2d 1428, 1438 (11th Cir. 1991) (*en banc*). On the other hand, if the non-moving party has the burden of proof at trial, the movant may prevail at the summary judgment stage either by negating an essential element of the non-moving party's claim or by pointing to specific portions of the record that demonstrate the non-moving party's inability to meet its burden of proof at trial. Clark, 929

---

[3]The Court is mindful that for purposes of summary judgment, only disputes about material facts are important. That is, "[t]he mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1244 (11th Cir. 2003) (citation omitted).

F.2d at 606-08 (explaining Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970) and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Merely stating that the non-moving party cannot meet its burden at trial is not sufficient. Clark, 929 F.2d at 608. Evidence presented by the movant is viewed in the light most favorable to the non-moving party. Adickes, 398 U.S. at 157.

If the moving party carries the initial burden, then the burden shifts to the non-moving party "to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark, 929 F.2d at 608. The non-moving party cannot carry its burden by relying on the pleadings or by repeating conclusory allegations contained in the complaint. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981). Rather, the non-moving party must respond either by affidavits or as otherwise provided in Fed. R. Civ. P. 56. "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255 (quoting Adickes, 398 U.S. at 158-59). A genuine issue of material fact is said to exist "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. at 248.

B. **Merits of Plaintiff's Claims**

A prisoner's claim of deliberate indifference to serious medical needs must satisfy both an objective and a subjective component. Farmer v. Brennan, 511 U.S. 825, 834 (1994). To state the proposition differently, Eighth Amendment liability cannot be based on simple negligence or lack of due care, but rather requires some sort of conscious disregard of a serious and imminent risk. Id. at 835-39. Deliberate indifference that would violate the Eighth Amendment requires that Plaintiff show that Defendants knew about and disregarded an excessive risk to his health or safety. See id. at 837. When subjectively weighing whether

5

a defendant has been deliberately indifferent, the courts require a plaintiff to show "more than mere negligence," and look for "obduracy and wantonness, not inadvertence or error in good faith." Adams v. Poag, 61 F.3d 1537, 1543 (11th Cir. 1995).

Every claim by a prisoner of inadequate medical treatment does not equate to a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 105 (1976). Writing for the majority, Justice Marshall observed:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Id. at 105-06.

Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991). Furthermore, the Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris, 941 F.2d at 1510 (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980)(Bowen, J.)). Neither does a mere difference in opinion between prison medical officials and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. Harris, 941 F.2d at 1505; Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). That is, the burden of proving deliberate indifference

6

cannot be met simply by arguing that an inmate wanted a different type of treatment. Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) ("Where a prisoner has received ... medical attention and the dispute is over the adequacy of treatment, federal courts are generally reluctant to second guess medical judgments. . . . Id. (citation omitted)).

1.  **Plaintiff's Hepatitis Medications**

First, the Court assesses Plaintiff's claims regarding his need for Interferon and Rebetron. Here, Plaintiff argues that the course of treatment that he received from Defendant Greenstone regarding his Hepatitis C was improper. On the other hand, Defendant Greenstone maintains that he refused to provide Plaintiff with Interferon or Rebetron because he determined that Plaintiff did not need these drugs--in fact, Defendant Greenstone opined that these drugs would be dangerous for Plaintiff. (Greenstone Aff., pp. 1-2). While Plaintiff maintains that Defendant Greenstone's decision not to give Plaintiff these medications ran counter to the decisions of other caregivers, including specialists who reportedly prescribed these drugs at some point, Plaintiff has not shown that Defendant Greenstone has been deliberately indifferent to a serious medical need.

Rather, the record demonstrates that Defendant Greenstone simply exercised his judgment as a medical professional--at no time did Defendant Greenstone refuse to treat Plaintiff or ignore a serious need. Even assuming *arguendo* that the course of treatment followed by Defendant Greenstone was somehow deficient or differed from the treatment plan pursued by Plaintiff's caregivers in the past, these assertions alone are insufficient to generate a dispute of material fact regarding whether Defendant Greenstone was deliberately indifferent to Plaintiff's medical needs. Simply put, Plaintiff has merely outlined a difference of opinion between himself and Defendant Greenstone as to how his hepatitis

7

should be treated. As discussed *supra*, this kind of disagreement falls well short of establishing that Defendant Greenstone was deliberately indifferent to a serious medical need. See Harris, 941 F.2d at 1505; Waldrop, 871 F.2d at 1033. Plaintiff's claims regarding his hepatitis treatment fail as a matter of law.

2.      **Flu Shot**

Plaintiff also maintains that he was given a flu shot when he should not have been. Of course, the parties dispute Defendant Greenstone's involvement in the alleged flu shot; however, the dispute is immaterial. At best, Plaintiff alleges that whoever administered the shot did so negligently. Even assuming 1) that Defendant Greenstone ordered the injection, and 2) that Plaintiff, as a hepatitis patient, should not have received the shot, Plaintiff once again describes a dispute over the quality of his medical care, and makes no allegations which give rise to a claim for deliberate indifference. In sum, Plaintiff has offered no evidence to show that Defendant Greenstone was *deliberately indifferent* to any serious medical need, or that he administered the shot in order to harm Plaintiff. Simply put, Plaintiff's claims as to his flu shot also fail as a matter of law.

3.      **Back Injury**

Plaintiff's claims against Defendant Greenstone regarding his back condition fail as well. Apparently, Defendant Greenstone's only direct involvement in Plaintiff's medical care regarding his back was to order X-rays. (See doc. no. 1, pp. 6-8; doc. no. 28, p. 3). Surely ordering X-rays does not amount to deliberate indifference to a serious medical need. Apparently, Plaintiff avers rather that treatment for his back was unconstitutionally delayed. (Doc. no. 1, p. 8). A "substantial and inordinate delay" in treating a serious medical need can give rise to a constitutional violation. Farrow v. West, 320 F.3d 1235, 1247 (11th Cir. 2003).

8

Nevertheless, Plaintiff admits that he was seen by various prison medical officials with regard to his back on January 4, 2003, the day after the injury occurred, and that medical professionals at both Johnson and Augusta State Medical Prison saw Plaintiff on seven (7) other occasions between January 2003 and April 2003. (Doc. no. 1, pp. 6-8). Indeed, the medical records submitted by Plaintiff reveal that he received medical attention from a variety of medical professionals at both Johnson and Augusta State Medical Prison throughout the period pertaining to this suit. Furthermore, the majority of Plaintiff's care for his back was rendered by medical professionals other than Defendant Greenstone. (Id.). Plaintiff avers that he ultimately received back surgery in August 2003 from a doctor who is not a named defendant in this suit. (Doc. no. 28, p. 3).

Given these facts, Plaintiff has not offered any evidence from which to presume that any delay in obtaining X-rays or in pursuing a course of treatment occurred because Defendant Greenstone acted deliberately or recklessly to deny Plaintiff medical care. Plaintiff was seen promptly by prison medical officials for a non-life threatening injury, and received frequent, continuing treatment for that injury in the proceeding months. Moreover, Defendant Greenstone's participation in that course of treatment appears tangential. While Plaintiff maintains that he remained in pain for several months and that he has not fully recovered, the fact remains that he was seen and treated throughout the relevant period. (Doc. no. 28, p. 3). Although Plaintiff undoubtedly complains regarding the quality of the care he received, it is clear that he was never denied care; nor was care unreasonably delayed. Defendant Greenstone is entitled to judgment as a matter of law.[4]

---

[4]The Court also briefly notes that Plaintiff's claims regarding being mistakenly given Motrin also fail. (Doc. no. 1, p. 6). First, like the decision to give Plaintiff a flu shot, even

9

### 4. Plaintiff's Claims Against Defendant Shepard

Plaintiff's sole contention against Defendant Shepard is that, while waiting to get X-rays and suffering from back pain, he approached Defendant Shepard to ask for help and was rebuffed. (Doc. no. 1, p. 7). In response, Defendant Shepard maintains simply that he relied upon prison medical staff to provide appropriate care. (Doc. no. 36, p. 6). In fact, Defendant Shepard points out that after the alleged meeting with Plaintiff, X-rays were taken and Plaintiff continued to receive medical attention. (Id.).

Because Defendant Shepard is not a medical professional, he "must rely upon the decisions of trained professionals concerning the medication and care to be given inmates." Waldrop v. Evans, 681 F. Supp. 840, 848 (M.D. Ga. 1988). Here, although Plaintiff's back injury and hepatitis constituted serious medical needs of which he may have informed Defendant Shepard, there is no evidence that Defendant Shepard knew about and disregarded an excessive risk to Plaintiff's health or safety. See Farmer, 511 U.S. at 837. Rather, when Plaintiff made Defendant Shepard aware of Plaintiff's disagreement with medical staff regarding his health problems, Defendant Shepard deferred, quite rightly, to the medical professionals already tasked with Plaintiff's care. As Defendant Shepard did not participate in any medical decisions regarding Plaintiff, he was not deliberately indifferent to Plaintiff's medical needs. Simply put, Plaintiff has failed to show that Defendant Shepard possessed the subjective intent necessary to establish an Eighth Amendment violation.

---

if this decision was erroneous or amounted to negligence, such does not give rise to a constitutional violation. Moreover, Plaintiff makes no allegation here that Defendant Greenstone made any decision to give Plaintiff Motrin--rather, the decision was allegedly made by Physician's Assistant O' Toole, an erstwhile defendant who has already been dismissed by the Court. (Id.; see also doc. no. 7).

In sum, Plaintiff has done nothing more than to describe his dissatisfaction with the medical care he has received at Johnson. Such does not amount to a constitutional violation and Defendants are entitled to judgment as a matter of law.

### III. CONCLUSION

For the reasons explained above, the Court **REPORTS** and **RECOMMENDS** that Defendants' motions for summary judgment (doc. nos. 24, 34) be **GRANTED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Defendants Greenstone and Shepard.

SO REPORTED and RECOMMENDED this 13th day of June, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

11

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Bradley Sledge, Pro-se
Rick D. Collum, Esq.

CASE NO: CV303-071

DATE SERVED: June 13, 2005

SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate